

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00084-CV

Shamar D. **BRADLEY**,
Appellant

v.

**THE CONNOR GROUP**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2025-CV-05629
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
            Irene Rios, Justice
            Velia J. Meza, Justice

Delivered and Filed: May 20, 2026

DISMISSED AS MOOT; JUDGMENT VACATED

This is an appeal from a forcible detainer judgment and a related claim for unpaid rent. Because we conclude the matter is moot, we dismiss this appeal and vacate the underlying judgment.

### DISCUSSION

"We are obligated to consider our jurisdiction at all times," and we lack jurisdiction when no live controversy remains. *Morath v. Lewis*, 601 S.W.3d 785, 788 (Tex. 2020) (per curiam).

Mootness is a component of subject-matter jurisdiction that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020). A case becomes moot when the party seeking judgment no longer has a "personal stake in the outcome of the lawsuit," meaning a "concrete interest, however small." *Tex. Dep't of Family & Protective Servs. v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 875 (Tex. 2025) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016)).

In a forcible detainer action, the only issue is the right to actual possession of the property. TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A judgment of possession adjudicates only the right to immediate possession and is not a final determination of whether the eviction was wrongful. *Marshall*, 198 S.W.3d at 787. When a tenant does not supersede a forcible detainer judgment, the judgment may be enforced and a writ of possession may issue, evicting the tenant from the premises. *See* TEX. PROP. CODE § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If the tenant loses possession without superseding the judgment, the appeal is moot unless he timely and clearly expressed an intent to appeal and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall*, 198 S.W.3d at 786–87.

Because a writ of possession was executed and Bradley is no longer in possession of the property, we ordered him to show cause why this appeal should not be dismissed as moot. Bradley filed multiple responses and numerous exhibits. In those responses, he concedes that he is no longer in possession and that the primary lease term expired on July 14, 2025, but he contends he retains a superior right to possession based on an alleged month-to-month tenancy that he says was never terminated.

Bradley relies on a lease provision stating that the initial term ran from July 11, 2024, to July 14, 2025, and that the agreement "will be automatically renewed on a month-to-month basis unless written notification of termination is given by either party at least sixty (60) days before the end of the lease term or renewal period or unless another lease is signed by both parties." However, the lease also permits termination on three days' notice for nonpayment of rent. The record reflects that on May 5, 2025, the Connor Group provided written notice of its intent to terminate the lease for nonpayment of rent and then filed a forcible detainer petition on May 28, 2025. On June 16, 2025, the justice court signed a judgment of eviction, and Bradley appealed to county court. On August 20, 2025, the county court signed a judgment of possession in favor of the Connor Group, and the county clerk issued a writ of possession the same day. The return of service shows that Bradley was removed and possession delivered to the Connor Group, after which the Connor Group nonsuited its claim for unpaid rent.

Bradley no longer possesses the property, and the lease has terminated, under either the nonpayment-of-rent termination provision or by expiration of the fixed term. He therefore lacks any potentially meritorious claim to a present right of possession. *See Marshall*, 198 S.W.3d at 787. The question of possession is accordingly moot. *Id*. at 785. In addition, any controversy regarding unpaid rent has been extinguished by the Connor Group's nonsuit of its rent claim. *See* TEX. R. CIV. P. 162.

Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 228 (Tex. 1993); *Marshall*, 198 S.W.3d at 790. All pending motions are denied.

PER CURIAM